Earnest Jerry **FULLBRIGHT**

v.

The **STATE** of Texas.

Nos. 885–90, 886–90.

Court of Criminal Appeals of Texas, En Banc.

Nov. 6, 1991.

Allan K. Butcher, George Gallagher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Loretta Stauffer, Greg Pipes & Steve Marshall, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was charged in two separate indictments with the offense of aggravated robbery. Additionally, each indictment alleged that appellant had previously been convicted of two felony offenses. Tex.Penal Code Ann. § 12.42(d). Appellant pled "guilty" to each aggravated robbery allegation, and "true" to one of the enhancement allegations in each indictment, but pled "not true" to the remaining enhancement allegation. The jury assessed punishment at confinement for seventy-five years. On direct appeal, appellant argued the trial court erred in failing to quash the enhancement paragraph(s) of the two indictments. The Court of Appeals affirmed. *Fullbright v. State*, No. 2–89–161–CR, No. 2–89–162–CR (Tex.App.—Fort Worth, delivered July 18, 1990). We will reverse.

### I.

In 1985, appellant was convicted, in cause number 0265054D, of "aggravated assault with a deadly weapon, to-wit: a firearm" and sentenced to five years confinement, probated. In 1986, the trial court granted the State's motion to revoke probation, and sentenced appellant to four years confinement.

In 1988, appellant was indicted for aggravated robbery in the instant cases. Each indictment contained an enhancement paragraph alleging the prior conviction for aggravated assault with a deadly weapon in cause number 0265054D.[1] Appellant filed a motion to quash the enhancement allegation, contending the conviction was void because court-ordered probation was not authorized for the offense of aggravated assault with a deadly weapon. The trial judge denied the motion. Additionally, appellant pled "not true" to the enhancement allegation and objected when the penitentiary packet was offered by the State to prove the prior conviction.[2]

The Court of Appeals did not address the merits of appellant's point of error but rather affirmed the judgment of the trial court by holding "appellant cannot complain of the sentence being void on appeal ... after he has accepted the benefits of the court's leniency." Slip op. at 2.

### II.

It is uncontested that the original judgment of probation for aggravated assault with a deadly weapon was not authorized by law. Tex.Code Crim.Pro.Ann. art. 42.12, § 3g(a)(2). A sentence not authorized by law is void. *Heath v. State*, 817 S.W.2d 335 (Tex.Cr.App.1991) (opinion on original submission), and *Heath* (delivered October 23, 1991) (opinion on motion for rehearing). *See also, Wilson v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984). A defect which renders a sentence void may be raised at any time. *Heath*, supra; *Ex parte McIver*, 586 S.W.2d 851, 854 (Tex.Cr.App.1979); *Ex parte Shields*, 550 S.W.2d 670, 675 (Tex.Cr.App.1977). Therefore, the

---

1. Additionally, each indictment contained an enhancement paragraph alleging a prior burglary conviction. Appellant pled "true" to that enhancement allegation.

2. Contrast *Hill v. State*, 633 S.W.2d 520, 525 (Tex.Cr.App.1982), where defendant failed to preserve the issue for appeal by failing to object to the introduction of the evidence offered to prove the enhancement allegation.

Court of Appeals erred by holding appellant could not raise the issue on appeal.

### III.

■ Having determined that the issue could be raised on direct appeal, we must determine if the trial court erred.[3] The same issue was presented in *Wilson v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984). In *Wilson* the State used a void prior conviction to enhance the defendant's punishment. The conviction was void because the punishment assessed was below the statutory minimum. We held that because the conviction was void it should not have been used for enhancement purposes, and remanded the cause to the trial court for a new punishment hearing. *Wilson v. State*, 677 S.W.2d at 524. We find our decision today controlled by *Wilson;* the trial court erred by failing to quash the enhancement allegation.

### IV.

■ The determination that the trial court erred by denying appellant's motion to quash the enhancement paragraph does not conclude our examination of the case; we must now conduct a "harmless error analysis" pursuant to Rule 81(b)(2) Tex. R.App.P.; *Harris v. State*, 790 S.W.2d 568, 584 (Tex.Cr.App.1989); *Mallory v. State*, 752 S.W.2d 566, 568 (Tex.Cr.App.1988). Rule 81(b)(2) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

The State argues that any error was rendered harmless because the punishment was assessed at confinement for seventy-five years, thereby indicating the jury was not considering the minimum punishment. Additionally, the jury had before it evidence of two previous convictions for burglary; one such conviction was alleged for

enhancement purposes and appellant pled true to that allegation. See n. 2, supra. Finally, the State notes that appellant pled guilty to the instant offenses. Therefore, the State asserts the trial court's failure to quash the enhancement allegation is harmless beyond a reasonable doubt.

Appellant argues that the error was harmful because of the "forceful" argument of the State illustrating how appellant's criminal history had escalated from property crimes to assaultive offenses and resulted in the instant aggravated robberies.

The record reflects that Sandra Stepp was working as cashier of the East Side Grocery, a convenience store in Tarrant County. Jason Hardee was visiting Stepp. Appellant entered the premises, moved through the store and turned, pointing a firearm in the direction of both Stepp and Hardee, and said "freeze." According to Hardee this was the only "threatening statement" made by appellant. Appellant placed the firearm in his pants, took approximately $100.00 from the cash register, which Stepp had opened at appellant's request, and took a swatch watch from Hardee. Stepp and Hardee, followed by appellant, entered a storage room in the back of the store, appellant closed the storage room door and left the premises. A video tape recording of the incident was played before the jury. Officer Fernando Marin arrested appellant, without incident, approximately two months after the offense.

As previously noted, appellant pled "true" to being previously convicted on July 22, 1975 of burglary of a habitation where he was originally sentenced to ten years confinement, probated. That probation was revoked on October 13, 1975 when appellant was convicted of another burglary of a habitation and sentenced to ten years confinement. The sentences ran concurrently.

During their arguments, counsel for the State asked the jury to assess appellant's punishment at confinement for life. During those arguments appellant's void con-

---

**3.** Specifically, appellant's ground for review contends:

The trial court erred in denying appellant's motion to quash the enhancement paragraphs which were based on a void conviction.

viction for aggravated assault was mentioned repeatedly. During deliberations, the jury requested to examine the penitentiary packet relating to the aggravated assault conviction and specifically found appellant had been previously convicted of the aggravated assault. Such a finding increased the minimum punishment for the offense of aggravated robbery from 15 years to 25 years. See Tex.Penal Code Ann. Sections 12.42(c) and (d).

We must determine the degree of harm from the record before us. Based upon the testimony of the witnesses, the arguments of counsel, as well as the jury's examination of the penitentiary packet and finding of the enhancement allegation "true," we are unable to conclude beyond a reasonable doubt that the error did not contribute to the punishment assessed. As the error was in the punishment phase, only a new punishment hearing is required. Tex.Code Crim.Pro.Ann. art. 44.29(b). *Wilson v. State*, 677 S.W.2d at 524.

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

McCORMICK, P.J., and MILLER, WHITE and BENAVIDES, JJ., concur in the result.