Opinion issued October 14, 2004




 




     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00327-CR
NO. 01-04-00739-CR
NO. 01-04-00740-CR




TERRY RHODES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 278th District Court
Walker County, Texas
Trial Court Cause No. 20778C, Counts I, II, and III




OPINION DISSENTING FROM
DENIAL OF EN BANC CONSIDERATION

          I respectfully dissent from denial of en banc consideration. The issue before
this Court is whether Rhodes’a conviction for escape from prison in 1999 (the Smith
County escape) should be used to enhance Rhodes’ conviction for escape from prison
in 2002, which Rhodes now appeals. In my view, the panel’s opinion that the earlier
escape sentence is void, and that the earlier escape conviction may not, therefore, be
used to enhance appellant’s current sentence, is erroneous and creates disunity
between this Court’s opinions and the current jurisprudence of this State, constituting
an extraordinary circumstance that requires en banc consideration. See Tex. R. App.
P. 41.2(c) (providing that en banc consideration should be ordered only in
extraordinary circumstances).
          The panel holds that the trial court’s 1999 order in the Smith County case that
Rhodes’ Smith County escape run concurrently with the sentence Rhodes was then
serving for aggravated assault was an unauthorized, and thus void, “sentence” and
that Rhodes’ conviction for that escape cannot be used to enhance the penalty for his
latest escape. The result of the panel’s ruling is not only to void the enhancement
paragraph for Rhodes’ latest escape, but also, in effect, to void the sentence entered
in the prior Smith County escape case. I would hold, in accordance with current
jurisprudence, that the order that Rhodes’ sentence for the Smith County escape run
concurrently with the sentence he was then serving was not itself a “sentence,” or
even part of a sentence, but a cumulation order. As such, it is a separate part of the
judgment entered with regard to that escape. Accordingly, even if the cumulation
order is void, Rhodes’ sentence for the Smith County escape is not void, and his
conviction for that escape should be available to enhance his punishment for the
instant escape. I would, therefore, affirm the judgment of the trial court.
          In reaching the contrary conclusion—that Rhodes’ “sentence” for his Smith
County escape is void and that, therefore, Rhodes’ prior conviction for escape may
not be used to enhance his punishment in this case—the panel relies primarily on
Fullbright v. State, 818 S.W.2d 808 (Tex. Crim. App. 1991). In Fullbright, the Court
of Criminal Appeals held that a prior probated sentence used for enhancement
purposes was void because, as the panel here states, “the aggravated assault sentence
of five years probation was not within the statutory punishment range.” Id. at 810. 
The panel acknowledges that the Court of Criminal Appeals “later abrogated its
decision in Fullbright, and held that the sentence and the conditions for community
supervision are different parts of the judgment, and thus an error in the conditions of
community supervision does not render the conviction void.” See Speth v. State, 6
S.W.3d 530, 532-33 (Tex. Crim. App. 1999); Ex Parte Williams, 65 S.W.3d 656, 657-58 (Tex. Crim. App. 2001). Nevertheless, the panel fails to draw the distinction
between a sentence and other parts of the judgment, a distinction that governed the
disposition of Speth and Ex parte Williams and that applies here.
          The problem arises from a gloss placed by the Court of Criminal Appeals on
the “sentence” imposed in State v. Ross, 953 S.W.2d 748 (Tex. Crim. App. 1997), a
case decided after Fullbright and before Speth. In Ross, the Court of Criminal
Appeals was called upon to construe article 42.02 of the Code of Criminal Procedure,
which defines a sentence as “that part of the judgment, or order revoking a suspension
of the imposition of a sentence, that orders that the punishment be carried into
execution in the manner prescribed by law.” Tex. Code Crim. Proc. Ann. art. 42.02
(Vernon 2004). The court pointed out that “the sentence used to encompass the entire
judgment in that the sentence was ‘the order of the court . . . pronouncing the
judgment and ordering the same to execute,’” but that the term “sentence” had been
“significantly narrowed” over the years so that it had become “nothing more than the
portion of the judgment setting out the terms of punishment.” Ross, 953 S.W.2d at
750 (quoting Thornton v. State, 576 S.W.2d 407, 408 (Tex. Crim. App. 1979)). 
          Comparing the definition of a sentence in article 42.02 of the Code of Criminal
Procedure and the definition of a judgment in article 42.01, which includes
affirmative findings and the terms of the sentence as separate parts of the information
contained in a judgment, the Court of Criminal Appeals held that a finding that an
assault was committed with a deadly weapon was part of the judgment, but not part
of the sentence. Id.; see also Tex. Code Crim. Proc. Ann. art. 42.01 § 1(21)
(Vernon Supp. 2004-2005) (listing “[a]ffirmative findings” as separate part of
judgment); §1 (15) (listing “term of sentence” as separate part of judgment). The
court then added, “For example, the sentence in this case would include the facts that
appellant is to serve sixteen years in the penitentiary beginning July 28, 1995, that his
term is concurrent, and that he must pay a $500 fine.” Ross, 953 S.W.2d at 750
(emphasis in original). The court thus included the “fact” that a sentence was
“concurrent” in its illustration of the terms of the sentence. However, the court then
immediately reiterated that the intent of the Legislature in defining the term
“sentence” in article 42.02 was clearly to restrict the definition of that term and to
exclude “those aspects of the judgment merely affecting those facts,” such as
affirmative findings. Id. (emphasis in original). 
          The panel in this case invokes the example given by the Court of Criminal
Appeals in Ross as authority for its own argument that a sentence includes the terms
for cumulation of sentences set out in the judgment; and, because the cumulation of
sentences statute at issue here, article 48.02(b) of the Code of Criminal Procedure,
does not authorize a court to order that a sentence for escape run concurrently with
a sentence the defendant is already serving, the panel holds that Rhodes’ sentence for
the Smith County escape is void, and, therefore, Rhodes’ prior escape conviction may
not be used to enhance his current punishment.
          I believe that, to the extent Ross holds—instead of merely observing in
dictum—that the imposition of a concurrent sentence is itself part of the sentence,
rather than a separate part of the judgment, that holding has been implicitly abrogated
by later authority. The Court of Criminal Appeals revisited the distinction between
a sentence and a judgment in Speth, 6 S.W.3d 530. This time, the court explicitly
juxtaposed a sentence, as defined in article 42.02 of the Code of Criminal Procedure,
to a judgment, as defined in article 42.01, noting that article 42.01, section one, of
“[t]he Code defines ‘judgment’ as the written declaration of the court signed by the
trial judge and entered of record showing the conviction or acquittal of the defendant”
and that section one further provides that “[t]he sentence served shall be based on the
information contained in the judgment.” Speth, 6 S.W.3d at 535 n.4 (citing Tex.
Code Crim. Proc. Ann. art. 42.0l §1). The court pointed out that, in setting out the
information contained in the judgment, article 42.01 distinguishes between “the
length of community supervision, and the conditions of supervision,” provided for in
subsection 1(10), and “[t]he term of the sentence,” provided for in subsection 1(15). 
Id. at 532; see also Tex. Code Crim. Proc. Ann. art. 42.0l, §§ 1(10), (15). The court
concluded that, therefore, the conditions of community supervision specified in article
42.12, section 11(a) of the Code of Criminal Procedure and included in the judgment
pursuant to article 42.01, subsection 10, were separate from the sentence included in
the judgment under article 42.01, subsection 15.



          Just as the Court of Criminal Appeals held in Speth that placement of a
defendant on community supervision under article 42.12, section 3(a) of the Code of
Criminal Procedure was part of the judgment, but not part of the sentence, so I would
hold in this case that a trial court’s cumulation order under article 42.08(b) likewise
is part of the judgment, but not part of the sentence. Like article 42.12, section 11(a),
at issue in Speth, article 48.02(b), at issue here, provides information regarding the
terms under which sentences shall be served in conformity with article 42.01’s
mandate that “[t]he sentence shall be served based on the information contained in
the judgment.” See Tex. Code Crim. Proc. Ann. art. 42.01, §1; see also Speth, 6
S.W.3d at 535 n.4 (distinguishing additional information in the judgment from the
sentence). Just as article 42.01, defining the parts of a judgment, expressly
distinguishes the conditions of community supervision from “[t]he term of the
sentence” set out in a judgment, so article 42.01 expressly distinguishes “[t]he term
of any order entered pursuant to article 42.08 of this code that the defendant’s
sentence is to run cumulatively or concurrently with another sentence or sentences,”
from the “[t]he term of the sentence.” Tex. Code Crim. Proc. Ann. art. 42.01, §§
1(10), (15), (19).


 By its terms, article 42.08 cannot and does not assess punishment
for any crime; rather, it comprehensively prescribes the terms under which two or
more sentences are cumulated in any given case. Thus, logically, article 42.08 does
not set out a sentencing scheme, instead, it sets out terms for the cumulation of
sentences; and an order under article 42.08 is not itself a sentence, but rather a
cumulation order. Nor can an order cumulating sentences any longer be construed
as a portion of a “sentence” under the plain language of articles 42.01 and 42.02 of
the current Code of Criminal Procedure; instead, a cumulation order must be
construed as a separate portion of the judgment. 
          I believe the current jurisprudence of this State requires us to conclude that a
cumulation order under article 42.08(b) is not part of a sentence, but a separate part
of the judgment. If that conclusion is correct, then, although a cumulation order may
be void as not authorized by law, the sentence improperly cumulated, which is a
separate part of the judgment, is not thereby made void, and the prior conviction may
be used to enhance the punishment for a subsequent crime. I would hold that Rhodes’
sentence for the Smith County escape is not void, even if the cumulation order that
was part of his judgment of conviction for that escape is void, and that the prior
conviction was properly used to enhance his sentence in the current case; and I would
affirm the judgment of the trial court.
          Because I believe the panel’s opinion commits this Court to an erroneous
interpretation of the Code of Criminal Procedure applicable to this and future cases, 
I respectfully dissent from denial of en banc consideration.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.

En banc consideration was requested.

A majority of the Justices of the Court voted to overrule the request for en banc
consideration. 

Justice Keyes dissenting from the overruling of the request for en banc consideration,
joined by Justice Jennings.
 
Publish. Tex. R. App. P. 47.2(b).