FILED IN
COURT OF CRIMINAL APPEALS

December 16, 2015

ABEL ACOSTA, CLERK

PD-0511-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/16/2015 3:55:44 PM
Accepted 12/16/2015 4:08:46 PM
ABEL ACOSTA
CLERK

Appeal No. PD-0511-15

_____

In the Court of Criminal Appeals

Austin, Texas

_____

Alvin Peter Henry, Jr.               Petitioner

vs.

The State of Texas               Respondent

_____

On Petition for Discretionary Review from the Sixth Court of Appeals in No. 06-14-00130-CR affirming conviction in 25589 from the Sixth Judicial District Court of Lamar County, Texas

_____

PETITIONER'S BRIEF ON THE MERITS

_____

Gary L. Waite
Attorney for Petitioner
State Bar No. 20667500
104 Lamar Ave.
Paris, TX 75460
Telephone: (903)785-0096
Facsimile: (903)785-0097
e-mail: garywaite@sbcglobal.net

IDENTITY OF JUSTICES, JUDGE, PARTIES AND COUNSEL

Justices: Opinion by Justice Burgess, before Morris, C.J., Moseley and Burgess, JJ, Sixth Court of Appeals at Texarkana, Texas

Trial Judge: Honorable Bill Harris

Appellant-Petitioner: Alvin Peter Henry, Jr.

Attorney for Petitioner at trial:

David C Turner: 1116 Lamar Ave., Paris, TX 75460
Tel: 903-785-8511; Fax: 903-737-2455

Attorney for Petitioner on Appeal:

Gary L. Waite: 104 Lamar Ave., Paris, TX 75460
Tel: 903-785-0096; Fax: 903-785-0097

Attorney at Trial for the State:

Gary D. Young, County Attorney of Lamar County, Texas: 119 N. Main, Paris, TX 75460; Tel: 903-737-2413

Elected District and County Attorney:

Gary D. Young, 119 N. Main, Paris, TX 75460; Tel: 903-737-2413

Attorney on Appeal for the State:

Gary D. Young, County And District Attorney for Lamar County, Texas and County Attorney's Office, Lamar County Courthouse: 119 N. Main, Paris, TX 75460; Tel: 903-737-2413

## TABLE OF CONTENTS

LIST OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE .. . . . . . . . . . . . . . . . . . . . . .. . . .. .. .2

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . .2-3

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

When the State failed to properly link Petitioner to the enhancement paragraphs, did the Sixth District Court of Appeals unreasonably hold that Petitioner and Coleman's testimony (showing that Petitioner has been to prison multiple times) is sufficient to uphold the prior enhancement convictions, and is this ruling in conflict with Prihada v. State (sic) ?

STATEMENT OF FACTS. . . . . . . . . . . . .... . . . . . . . . . . .. . . . . . . . .3-6

SUMMARY OF THE ARGUMENT . . . . . . . . . . .. . . . . . ... . ... . . .. . . . . . 6

ARGUMENT AND AUTHORITY . . . . . . . . . . . . . . . . . . . . . . .. . . . 7-14

CONCLUSION AND PRAYER. . . . . . .. . . . . . . . .. . .. . . . . . . . . . .14

CERTIFICATE OF SERVICE. . . . . . .. . . . . . . . . . . . . . . . . .. . ....15

CERTIFICATE OF COMPLIANCE WITH RULE 9.4 ( i). . . . . . . . .. . . . 16

## INDEX OF AUTHORITIES

Bryant v. State, 187 S.W.3d 397 (Tex. Crim. App. 2005). . . . . . . . .. . . . . . 12

Doyle v. State, 145 S.W. 2d 876 (Tex Crim. App. 1940) . . . . . . . .. . . . . . 7-8

Flowers v. State 220 S.W.3d 919 (Crim App. 2007). . . . . . . . . . . . . . . . . 8-9

Fulbright v. State, 818 S.W.2d 808 (Tex Crim App, 1991). . . . . . . . . . . 13-14

McCann v. State, 123 Tex Cr. R. 626, 60 S.W.2d 451 (1933). . . . . . . . . . . . .8

Prihoda v. State 352 S.W.3d 796 (Tex App–San Antonio 2011). . . ... . . .11-13

Reyes v. State, 394 S.W. 3d 809 (Tex. App.--Amarillo 2013). . . . . . . . . .9-10

Appeal No. PD-0511-15

_____

In the Court of Criminal Appeals

Austin, Texas
_____

Alvin Peter Henry, **Jr.**                                            Petitioner

vs.

The State of Texas                                                  Respondent
_____


On Petition for Discretionary Review from the Sixth Court of Appeals in No. 06-14-00130-CR affirming conviction in 25589 from the Sixth Judicial District Court of Lamar County, Texas


_____

PETITIONER'S BRIEF ON THE MERITS
_____

TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Now comes Alvin Peter Henry, Jr., Petitioner in the above styled cause, by and through his court-appointed attorney on appeal, and files this his brief on his Petition for Discretionary Review, in support of which he would respectfully show the Court the following.

1

Statement of the Case

Appellant was charged by indictment with the offense of Evading Arrest/Detention with a Motor Vehicle with a Deadly Weapon, a third degree felony (Clerk's Record [CR], p. 5), with Enhanced Sentence as a Habitual Offender pursuant to Penal Code Sec. 1242 (b)(sic) (CR, pp. 45-46). After a jury trial, Appellant was convicted by a jury and sentenced by the same jury to sixty (60) years in the Institutional Division, Texas Department of Criminal Justice (TDCJ) ( CR, pp. 55-56).

Petitioner gave timely notice of appeal, on July 1, 2014 (CR, p. 92). Appellate Counsel was appointed by the Trial Court on July 15, 2014 (CR, p. 97). Petitioner filed his brief on December 15, 2015. The Sixth Court of Appeals affirmed the conviction on Aril 16, 2015. Petitioner filed a Motion for Rehearing on May 14, 2015, which was overruled on May 19, 2015. Petitioner timely filed a pro se Petition for Discretionary Review on July 13, 2015. This Court granted Petitioner's Petition for Discretionary Review on October 7, 2015. On or about October 28, 2015, the undersigned attorney was appointed by the trial Court to represent Petitioner before this Court.

Statement Regarding Oral Argument

This Court has previously stated that oral argument would not be allowed. If, after briefing of the issue, the Court determines that oral argument would be

2

helpful, counsel for appellant will be available for oral argument, and believes that oral argument would be helpful to the Court.

Issue Presented

When the State failed to properly link Petitioner to the enhancement paragraphs, did the Sixth District Court of Appeals unreasonably hold that Petitioner and Coleman's testimony (showing that Petitioner has been to prison multiple times) is sufficient to uphold the prior enhancement convictions, and is this ruling in conflict with Prihada v. State (sic) ?

Statement of Facts

Appellant was charged by Indictment with the offense of Evading Arrest/Detention with Motor Vehicle with Deadly Weapon Finding (CR, p. 5). Appellant entered a plea of Not Guilty (RR, vol 4, p. 13). Appellant was found guilty by a jury, and found to have used or exhibited a deadly weapon (RR, vol 4, pp. 60-61).

During the punishment hearing, enhancement allegations, alleging aggravated assault , and aggravated robbery were read to the jury and Appellant entered pleas of "Not True." (RR, vol 4, p. 63, 11- p. 64, l. 4; see also CR, pp. 45-46).

In the opening statement on punishment, the state's attorney said that he was not sure why appellant was pleading "Not True" when his attorney had already stipulated that they are true  (RR, vol 4, p 64, ll. 14-20; see RR, Vol.

The state  offered into evidence judgments of conviction, primarily from Red River County, Texas as state's exhibits 3-15.  Appellant's lawyer stated he had no objection. ( See RR, vol 4, pp 66, l, 25-p. 69, l. 16; RR, vol 5, state's exhibits 3 through 15; CR, pp. 49-51; pp. 59-60).  All the judgments are styled "The State of Texas v. Alvin Peter Henry."  Appellant's name in  all  pleadings in this  case is Alvin Peter Henry, Jr. (Emphasis added).(CR, p.5; see generally, Clerk's Record).

After introducing the prior Judgments of conviction, the state rested.

Appellant called Dr. David Bell to testify about appellant's mental retardation and mental illness.  On direct examination, in response to a question about Bell's interview of appellant, Bell testified that appellant told him he had been to the Texas Department of Corrections, but could not give any sort of details. (RR, vol 4, p. 73, at lines 17-18).   On cross examination, the state's attorney asked Bell if appellant had told him he had been in and out of prison from 1978 to 2010.  Bell answered "Yes."  (RR, vol 4, p. 89)

Outside the presence of the jury appellant's attorney stated he thought his client should testify.   (RR, vol 4, p 91, ll. 6-24).  The  Court  admonished appellant

4

that if he testified that the state could ask him questions about his criminal convictions and the offense that he was on trial for. The Court advised appellant that he did not have to testify. Appellant indicated that he wanted to testify. (RR, vol 4, p 92, ll. 1-24) On cross examination, Appellant admitted that he had been to prison for aggravated robbery and aggravated assault; that he had been to prison for theft, two burglaries, but didn't know anything about a possession a prohibited weapon. (RR, vol 4, p. 109, l. 23-p. 110, p. 17).

Appellant's cousin, Dewayne Coleman was called by the defense to testify. On cross examination, when asked if he knew that in 1989 appellant went to prison for aggravated assault, Coleman answered "Right;" and when asked if appellant went to prison in 2002 for aggravated robbery, he answered "okay." (RR, vol 4, p.119, l. 18- 23).

After both sides closed, there was a discussion concerning appellant's testimony. The prosecutor argued that by testifying appellant had changed his plea of "Not True" to the enhancements, and admitted that he had been convicted of the alleged prior offenses, and that Mr. Coleman's testimony confirmed it. (RR, vol 4, p. 122, ll 18-23). The prosecutor's reasoning was that when you plead not true you do not get on the witness stand and confess that you have been convicted.

Appellant's attorney stated it went to the weight of the evidence and that Mr. Young's got plenty of options. (RR, vol 4, p. 123, ll 6-18).

During closing argument the state argued that appellant pled " Not True," even though defense stipulated that these were the judgments and sentences involving Alvin Peter Henry, and even though he confessed that he was convicted of these offenses, and even though he told Dr. Bell he was convicted of these offenses. He stated Mr. Coleman had testified he had been convicted of these offenses. (RR, vol 4, p135, ll 4-14).

The jury found the two enhancement allegations true, and sentenced appellant to 60 years in the penitentiary. (See generally RR, vol 4, pp 138-143).

Summary of the Argument

The state did not link the convictions used for enhancement to appellant. The state introduced prior conviction judgments that did not have any identifiers that linked appellant to the prior convictions. No one testified that the individual(s) convicted in the prior judgments was one and the same as the appellant. Further, the name on the prior conviction judgments is not the same as appellant. Appellant is Alvin Peter Henry, Jr. The prior conviction judgments name the individual convicted as Alvin Peter Henry. Appellant did not stipulate to the prior convictions that were introduced into evidence against him.

Argument and Authority Under Ground of Error

Without objection the state offered Judgments of prior convictions into evidence state's exhibits 3-15 (See RR, vol 4, pp 66, l. 25-p. 69, l. 16; RR, vol 5, state's exhibits 3 through 15; CR, pp. 49-51; pp. 59-60). All the judgments of prior convictions are styled The State of Texas v. Alvin Peter Henry. Appellant's name as set forth in the indictment is Alvin Peter Henry, Jr. (Emphasis added) (CR, Vol 1, p. 5. )

It has been long held by this Court that the State must establish the identity of a defendant as the person who has been convicted of the prior offenses, and the mere recital in the certified copies was not sufficient to establish that identity. Doyle v. State, 145 S.W. 2d 876 (Tex Crim. App. 1940). Doyle was charged with sale of whiskey in a dry area, with two prior convictions of like offenses. The state introduced in evidence certified copies of judgments showing Doyle had been convicted in two cases of the offenses of possessing whiskey in a dry area for the purpose of sale. However, there was no other proof showing that Doyle was the same person convicted of the offenses on which the judgments introduced were founded. In order to identify Doyle as the party who had previously been convicted, the state relied on the fact alone that appellant's name was the same as that shown in the judgments of conviction introduced for enhancement of

7

punishment. This Court, in reversing the conviction, held that it is incumbent upon the state to establish the identity of appellant as the person who had been previously convicted of like offenses. "The mere recital in the certified copies of the judgments in such cases was not sufficient to establish such identity" Doyle at 418, citing McCann v. State, 123 Tex Cr. R. 626, 60 S.W.2d 451 (1933).

This Court has more recently held that there are various ways to prove prior convictions. Flowers v. State 220 S.W.3d 919 (Crim App. 2007). In Flowers, the file of a prior conviction was "missing," and the clerk sent a certified computer printout of appellant's conviction record. This record, along with appellant's driving record was introduced into evidence without objection. The computer printout contained appellant's name, date of birth, address, social security number, date of arrest, charged offense, finding of guilt, sentence, and the judicial case identification number. This information matched the information contained on appellant's Texas driver's license record. The information was sponsored by the state's investigator, who testified that the information in the certified printout matched the drivers license record, and both referred to the same Vincent Henry Flowers. Based on this evidence, this court held that the state proved the prior conviction beyond a reasonable doubt. Flowers at 925. Judge Johnson, in her concurring opinion, stated that there must be 1) enough information to establish that

8

the conviction can be connected to its proper owner; and 2) the information is sufficiently corroborated. More information makes the connection more reliable. Name and date of birth are not enough. Judge Johnson suggested that an inexhaustive list of factors to consider would include: full name, date of birth, Social Security number, what the prior offense was, the place and date of the prior offense, the date of conviction, testimony about the prior conviction from a corrections, parole or probation officer, or the prosecutor of the prior conviction. Flowers at 925.

The Courts of Appeal have, until the ruling in the present case, held that to enhance punishment, it is incumbent upon the state to prove that a defendant is the same person who was convicted in a prior alleged offense. Reyes v. State, 394 S.W. 3d 809, 810-811 (Tex. App.--Amarillo 2013). In Reyes, the defendant was charged with felony driving while intoxicated. The state introduced, without objection, two judgments, a 1991 judgment revoking probation, styled State of Texas v. Jose Angel Reyes, and a 1989 judgment of conviction styled State of Texas v. Jose Angel Reyes. The state made an effort to prove up the prior convictions by calling the state's investigator who testified that the 1991 judgment containing fingerprints, were those of the defendant. The 1989 judgment contained no fingerprints, and the investigator expressed no opinion concerning whether the defendant was the same

9

person convicted in 1989. In it's discussion the Court stated the evidence linking Reyes to the 1989 conviction is limited to the information contained on the face of the judgment. Compared with the 1991 judgment, the judgment shows a defendant with the same full name as the defendant, represented by the same attorney, convicted in the same county in 1989. The Court believe, based on the information contained in the 1991 judgment referencing a 1989 offense in the same county, the defendants are probably the same person. But as the Court stated, "probably is not good enough." The Court held that the evidence presented at the guilt/innocence stage of trial was insufficient to allow a rational trier of fact to find, beyond a reasonable doubt, that the defendant is the same individual who was the subject of the 1989 judgment. The state proved one prior DWI conviction but not two. Reyes, 394 S.W.3d at 811-812.

In the present case, the state introduced at the punishment trial, without objection, eleven  judgments from Red River County and one from Harris County, all styled "The State of Texas v. Alvin Peter Henry." Two of those judgments, state's exhibits 9 and 10 were introduced for the purpose of enhancing the sentence of appellant as a habitual offender. (RR, vol 5, Exhibits 9 and 10). The judgments contain very little of the information suggested by the Flowers Court as acceptable. Except for what the prior offense was, the date of the prior offense, and date of

10

conviction, there is no other information available to a jury. Most telling is that the names on the prior convictions and the name of appellant in this case are not the same. The prior judgments name Alvin Peter Henry as the person convicted. Appellant's name is Alvin Peter Henry, **Jr**. There was no testimony linking appellant to the prior convictions. The closest that the state came was asking witnesses if appellant had been to prison for certain offenses. At no time was appellant affirmatively linked to the judgment convictions admitted into evidence.

In Prihoda v. State, the San Antonio Court of Appeals held that the state is required to prove beyond a reasonable doubt that (1) a prior conviction exists; and (2) the defendant is linked to that conviction. Prihoda v. State 352 S.W.3d 796, 807 (Tex App–San Antonio 2011). The court, in it's opinion noted that a certified copy of the judgment standing alone is insufficient to prove a prior conviction, and this is true even if the name on the judgment is the same as the defendant in trial. In this case, the state, has proven that prior convictions exist, but has not linked appellant to the prior convictions. The prosecutor, in his closing argument on punishment, argues to the jury that it has proven the prior convictions by 1) a stipulation from the defense counsel, 2) a confession from appellant that he had been convicted of those two offenses, 3) what appellant had told Dr. Bell concerning those convictions, and 4) that Coleman told the jury that he was convicted of those

11

offenses. (RR, vol 4, p. 135, ll. 9-16). The undersigned has found nothing in the record indicating that appellant stipulated to the prior convictions.[1] In any event, appellant's plea of "Not True" makes it incumbent on the state to prove the convictions. Appellant did not admit that he had been convicted of the alleged prior convictions.

However, at no time did appellant ever indicate that he had been convicted of any of the alleged offenses in the judgments introduced. Bell was asked if he "had been to prison for aggravated assault twice, he answered "Yes," and when asked if he had been to prison for aggravated robbery and for three different family violent assaults and four assaults, the witness answered "He has a history of violence, yes."(RR, vol 4, p 83, ll 5-12). Coleman was asked if he knew that appellant "went to prison" in 1989 for aggravated assault, He answered "Right." And when asked if he knew appellant "went to prison" in 2002 for aggravated robbery, the witness answered "Okay" (RR, vol 4, , l. 18-p.119- l. 5). Prihoda, has a good discussion and cites to several cases where certain evidence has been found

---

[1] See Bryant v. State, 187 S.W.3d 397,405 (Tex. Crim. App. 2005) In Bryant, there was a written stipulation signed by Bryant and made part of the record. In this case, appellant Henry did not sign a written stipulation, nor did he testify on the record that he agreed to the alleged stipulation. There are no specific judgments mentioned in this alleged stipulation, for either appellant or his attorney to know what they were stipulating to.(See RR, vol 2, p. 20)

to link the defendant to the prior convictions Prihoda, 352 S.W.3d at 808-809, and cases cited therein.

None of the links set forth in Prihoda of proving the prior convictions are present in this case. No witnesses were shown any of the alleged prior conviction judgments to identify them or to identify appellant as the individual who had been convicted in the alleged judgments. Further, none of the witnesses even said that appellant had been convicted, only that he had been to prison for assaults, robbery, and burglaries. The State has failed to link appellant to the prior convictions. Specifically, the state did not tie the specific judgments introduced for enhancements to what appellant had been to prison for. As noted above, all of the prior judgments in this case have the name Alvin Peter Henry. Appellant's name is Alvin Peter Henry, **Jr**. Not only did the state fail to link appellant to the prior convictions, it failed, facially, to even show that the person convicted in the prior convictions was the same person on trial.

Harm Analysis

There can no dispute that the error was harmful. The alleged enhancements raised the punishment from a third degree felony with a two to ten year punishment range to a twenty-five years to life in prison punishment range. Further, the jury gave appellant sixty years in the penitentiary, which is the on the higher end of the

13

punishment range. The alleged unproven extraneous offense convictions led to the increased punishment (See Fulbright v. State, 818 S.W.2d 808, 810-811 (Tex Crim App, 1991).

Based on the foregoing argument and authority, appellant requests that this Court reverse and remand for a new punishment hearing.

Conclusion and Prayer

For the reasons contained herein, Appellant respectfully prays that this Court reverse the judgment of the Court of Appeals for the Sixth District, and reverse and remand this case for a new punishment hearing and for such other relief as appellant may be entitled.

Respectfully submitted,
Gary L. Waite
Attorney for Appellant
104 Lamar Ave.
Paris, Texas 75460
903/785-0096
903/785-0097 (fax)


By: /s/Gary L. Waite
    Gary L. Waite
    SBN  20667500

14

## CERTIFICATE OF SERVICE

This is to certify that on December 16, 2015, a true and correct copy of the above and foregoing document was served on the   Lamar County Attorney's Office,  119 N. Main, Paris, Texas 75460, by hand delivery and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711-3046 by certified mail, return receipt requested.

.

/s/Gary L. Waite

15

CERTIFICATE OF COMPLIANCE WITH RULE 9.4 (i)The brief filed in this cause complies with the word limitations of Tex. R.App. P. 9.4 (i) because the brief contains 2719 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4 (i) (1).

/s/Gary L. Waite_____