## NOS. 12-15-00074-CR
## 12-15-00075-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES BLAKE DEFORE, APPELLANT* | § | *APPEALS FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Charles Blake Defore appeals two convictions for manufacture or delivery of a controlled substance and one conviction for tampering with evidence. After a bench trial, the court sentenced Appellant to thirty years of imprisonment for each offense, to run concurrently. Appellant contends the trial court failed to adjudicate him guilty on two of the offenses prior to sentencing. We affirm the judgment in appellate cause number 12-15-00074-CR. We affirm the judgment on count one in appellate cause number 12-15-00075-CR. We affirm the judgment on count two in appellate cause number 12-15-00075-CR to the extent it adjudicates guilt, reverse it to the extent it assesses punishment, and remand count two for a new sentencing hearing.

### BACKGROUND

In trial court cause number 31070, appellate cause number 12-15-00074-CR, Appellant was indicted for possession with intent to deliver a controlled substance. In trial court cause number 31077, appellate cause number 12-15-00075-CR, Appellant was indicted in count one for possession with intent to deliver a controlled substance, and in count two for tampering with evidence. He was placed on ten years of deferred adjudication community supervision for each of the three offenses.

Almost two years later, the State filed a motion to proceed to adjudication in each cause number, including both counts in cause number 31077. At the hearing on those motions, evidence was presented identifying the conditions of community supervision that Appellant failed to comply with in each case. The court found all the allegations to be true. The court orally adjudged Appellant guilty in cause number 31077, twice, and granted the motion as to count two. The court rendered written judgments adjudicating guilt in cause numbers 31070 and 31077, sentencing Appellant to thirty years of imprisonment in each of the three offenses, the sentences to run concurrently.

## <u>ORAL PRONOUNCEMENT OF GUILT</u>

In his sole issue, Appellant contends the trial court failed to adjudicate him guilty prior to sentencing in cause number 31070 and in count two of cause number 31077. He asserts that, as a result, the judgments are not final.

After both sides rested, the trial court ruled as follows:

> I find the allegations, including the allegation of failure to report the arrest, to be true. All the allegations as amended from the testimony are granted.
>
> Mr. Defore, in Cause Number 31,077, [sic] the Court hereby finds and adjudge [sic] you guilty as charged of the offense of manufacturing a controlled substance. In Cause Number 31,077, the Court hereby finds and adjudges you guilty as charged of the offense of manufacture and delivery of a controlled substance.
>
> Now, folks, what about Count 2? I didn't—I didn't address Count 2. I grant the motion as to Count 2. The evidence was sufficient to support it, as well.
>
> Same and all shall be the order and judgment of this Court. So ordered.
>
> Gentlemen, are you ready to proceed to punishment?

Here, the court specifically found Appellant guilty in cause number 31077, referencing count one. We hold that the court implicitly found Appellant guilty of count two when it granted the motion to adjudicate as to count two. Additionally, the court apparently misspoke when it recited the same cause number twice, but intended to say cause number 31070 once and 31077 once. Then, the court immediately began the sentencing phase for all three offenses. This, too, is an implication that the court found Appellant guilty of all three offenses. *See **Villela v. State**,*

2

564 S.W.2d 750, 751 (Tex. Crim. App. [Panel Op.] 1978) (held that when trial court ordered presentence investigation for a later punishment hearing, court necessarily implied it had found appellant guilty).

Moreover, the judgment in each cause number states that the court grants the motion to adjudicate Appellant's guilt, finds that he committed the offenses, and orders, adjudges, and decrees that Appellant is guilty of the offenses. The absence of an express oral pronouncement of guilt by the trial court does not render the written judgments void. *Id.*; *Sanchez v. State*, 222 S.W.3d 85, 88 (Tex. App.−Tyler 2006, no pet.) (mem. op.). Because the trial court implicitly found Appellant guilty prior to sentencing, the judgments are final. We overrule Appellant's sole issue.

## SENTENCING

The State points out that the judgment reflects Appellant was sentenced to thirty years of imprisonment for the offense of tampering with evidence. However, that offense is a third degree felony punishable by imprisonment for two to ten years. *See* TEX. PENAL CODE ANN. §§ 12.34, 37.09(c) (West 2011 & Supp. 2015). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). If punishment is not authorized by law, the portion of the sentence imposing that punishment is void. *Fullbright v. State*, 818 S.W.2d 808, 809 (Tex. Crim. App. 1991); *State v. Rowan*, 927 S.W.2d 116, 118-19 (Tex. App.−Houston [1st Dist.] 1996, no pet.). We therefore vacate the sentence in the tampering with evidence case and remand it to the trial court for a new punishment hearing. Tex. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2015).

## DISPOSITION

We *affirm* the trial court's judgment in appellate cause number 12-15-00074-CR, trial court cause number 31070, and on count one in appellate cause number 12-15-00075-CR, trial court cause number 31077.

We *affirm* the trial court's judgment of conviction on count two in appellate cause number 12-15-00075-CR, trial court cause number 31077, but we *reverse* the trial court's judgment as to the sentence for count two. We *remand* count two for a new punishment hearing.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 12, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 12, 2016

NO. 12-15-00074-CR

**CHARLES BLAKE DEFORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31070)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 12, 2016

NO. 12-15-00075-CR

**CHARLES BLAKE DEFORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31077)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below is **affirmed** as to count one.

It is further ORDERED, ADJUDGED and DECREED that the portion of the judgment adjudicating guilt as to count two is **affirmed**.

It is further ORDERED, ADJUDGED and DECREED that the sentencing portion of the judgment as to count two is **reversed**, and the cause as to count two is **remanded** for a new trial on punishment only, and that the decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*