**Ex Parte Clyde Lee RUSSELL,
Applicant.**

**No. 74101.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 14, 2001.

Clyde Lee Russell, Pro Se.

Jennifer L. Lehman, Assistant District Attorney, Fort Worth, for State.

*OPINION*

PER CURIAM.

Applicant has filed a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07 of the Texas Code of Criminal Procedure. He was convicted of possession of cocaine, and after his community supervision was revoked, his punishment was assessed at five years confinement. No appeal was taken from this conviction.

After applicant was released on mandatory supervision, he filed the instant application, contending that his mandatory supervision would have already expired, had he received credit for all the time that he was confined in this cause on parole violator warrants.

■ In 1999, the legislature instructed the Texas Department of Criminal Justice to "develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled." TEX. GOV'T CODE § 501.0081(a). For time-credit claims made on or after January 1, 2000, the statute requires that, unless certain criteria are met, such claims must initially be brought before the system described above, rather than through an application for a writ of habeas corpus. Specifically, § 501.0081(b) of the Texas Government Code states:

Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

Section 501.0081(c) states:

Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

Applicant was released on mandatory supervision on April 21, 1999, more than a year before this writ application was filed with the district clerk on May 31, 2000. He was returned to the custody of the Texas Department of Criminal Justice–Institutional Division on January 31, 2001, with credit from November 30, 2000.

■ When interpreting a statute, we look to the literal text of the statute for its meaning, and we ordinarily give effect to that plain meaning. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). We go beyond the literal language of the statute only when "the plain language of [the] statute would lead to absurd results, or if the language is not plain but rather ambiguous." *Id.* at 785–86.

Chapter 501 of the Government Code does not specifically define "inmate." Other legislative provisions tend to limit the definition to one who is housed in or con-

fined to a correctional facility,[1] although at least one provision includes in its definition of "inmate" one who is an "administrative releasee." [2] Given the absence of a specific definition of "inmate" in Chapter 501 and the general legal definition of that term as referring to a "person confined to a prison, penitentiary, or the like," [3] we hold that, once a person is released on mandatory supervision, he is not an "inmate" for purposes § 501.0081. Therefore, because applicant had already been released on mandatory supervision when he filed the instant writ application, he was not subject to the restrictions of § 501.0081.[4]

■ Applicant contends that he has not received credit on this sentence for time that he was confined as a parole violator. The Texas Department of Criminal Justice, institutional and pardons and paroles divisions, have submitted affidavits and records reflecting that applicant was confined on a parole violator warrant from February 27, 1997, to August 13, 1997, and has not received credit for that period of confinement. Applicant is entitled to relief. *Ex parte Price,* 922 S.W.2d 957 (Tex. Crim.App.1996).

Relief is granted. The Texas Department of Criminal Justice, institutional division, shall credit the sentence in cause number 339073–D in the 213th Judicial District Court of Tarrant County for the additional period of February 27, 1997, to August 13, 1997.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, institutional and paroles divisions.

WOMACK, J., filed a dissenting opinion.

WOMACK, J., filed a dissenting opinion.

Because I hold that the procedure of Article 11.07 of the Code of Criminal Procedure is not available for an application that does not "seek relief from a felony judgment" (*id.,* section 1), I would dismiss this application that seeks relief from an administrative decision of the Department of Criminal Justice. *See Ex parte Whiteside,* 12 S.W.3d 819, 822 (Tex.Cr.App.2000) (Womack, J., concurring).

1. TEX. GOV'T CODE § 511.011(6); TEX. CIV. PRAC. & REM.CODE § 14.001(3); *see also* TEX. GOV'T CODE § 497.001(b)(3)(A) (defining "work program participant" as "an inmate confined in a facility operated by or under contract with the department" or "a defendant or releasee housed in a facility operated by or under contract with the department"); TEX. GOV'T CODE § 508.001(5) & (6) (defining "mandatory supervision" and "parole," in part, as "release of an eligible inmate sentenced to the institutional division") & (7) (in defining "parole officer," referring to "supervision of releasees").

2. TEX. GOV'T CODE § 508.081(2)(A) (Representation of Inmates; Definitions).

3. BLACK'S LAW DICTIONARY 788 (6th ed.1990).

4. Although applicant's mandatory supervision was subsequently revoked and he is now incarcerated, his status at the time of filing the instant application controls.