IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. AP-75,028






EX PARTE STEVEN DUNLAP, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TRAVIS COUNTY







 Hervey, J., delivered the opinion for a unanimous Court.



OPINION 



 Tex. Gov't Code § 501.0081 requires an "inmate who alleges that time credited on the
inmate's sentence is in error" to first present this claim to the Texas Department of Criminal Justice
(TDCJ) office of time credit resolution. See Ex parte Stokes, 15 S.W.3d 532, 532-33 (Tex.Cr.App.
2000). Applicant was incarcerated in a county jail awaiting transfer to the TDCJ to serve a 3-year
sentence for an indecency with a child conviction when he filed a habeas corpus application in the
convicting court seeking more than 3 years of time-credit on this sentence. We filed and set this case
and also ordered the parties to brief the issue of whether an applicant, "who is in county jail awaiting
transfer to the [TDCJ] when he files an application, is an 'inmate' for purposes of [§ 501.0081] and,
thus, subject to its administrative exhaustion requirement." The TDCJ also accepted this Court's
invitation to submit a brief on this issue.

 The TDCJ claims that applicant is not an "inmate" for purposes of § 501.0081 because he
was not in TDCJ custody when he filed his writ. (1) The TDCJ claims that the term "inmate" in §
501.0081 is ambiguous and that its legislative history is not instructive on the issue. The TDCJ also
asserts that it implemented § 501.0081 through its Administrative Directive AD-04.83 with the
assumption that the procedures set out in AD-04.83 would apply only to inmates in TDCJ's custody. 
Applicant claims in a reply letter brief that this Court should defer to this administrative
determination by the TDCJ. See Tex. Gov't Code § 311.023(6) (in construing ambiguous or
nonambiguous statute, a court may consider the administrative construction of the statute); Tarrant
Appraisal District v. Moore, 845 S.W.2d 820, 823 (Tex. 1993) (construction of a statute by the
administrative agency charged with its enforcement is entitled to serious consideration, so long as
the construction is reasonable and does not contradict the plain language of the statute). (2)

 In Russell, we decided that an applicant, who was on mandatory-supervision release when
he filed a writ containing a time-credit claim, was not an "inmate" for purposes of § 501.0081. See
Russell, 60 S.W.3d at 876-77. Russell applied familiar rules of statutory construction and gave effect
to the plain meaning of the term "inmate" by referring to other legislative provisions using this term
and to its general legal definition as a "person confined to a prison, penitentiary, or the like." See
id.

 This approach supports a decision that the term "inmate" in § 501.0081 is not ambiguous and
that it plainly applies to applicant. Tex. Gov't Code § 508.081(2)(C)(I) defines "inmate," for
purposes of representation of inmates, as a person confined in a county jail awaiting transfer to the
TDCJ. See Russell, 60 S.W.3d at 877 n.2. Tex. Pen. Code § 38.06(c)(2) makes it a third-degree
felony for a person to escape from a "secure correctional facility" whose definition includes a county
jail and a TDCJ confinement facility. See Tex. Pen. Code § 1.07 (a)(45)(A),(B). Webster's II New
College Dictionary defines the term "inmate" as one "confined to an institution, as a prison or
hospital." See Webster's II New College Dictionary 570 (1995); see also Russell, 60 S.W.3d at 877
("inmate" is a "person confined to a prison, penitentiary, or the like"). This dictionary includes the
terms "jail" and "penitentiary" in its definition of the term "prison." See Webster's II New College
Dictionary 880 (1995) (also defining "prison" as a "place for confining people awaiting trial or for
punishment after trial and conviction" and as "an institution for confining people convicted of major
crimes"). The Roget's Desk Thesaurus also includes the term "jail" in its list of synonyms for
"penitentiary" and "prison." See Roget's Desk Thesaurus 395, 419 (2001). We conclude that
applicant is an "inmate" for purposes of § 501.0081. 

 The writ is, therefore, dismissed. See Stokes, 15 S.W.3d at 533.


 Hervey, J.


Delivered: June 29, 2005

Publish

1. See Ex parte Russell, 60 S.W.3d 875, 877 n.4 (Tex.Cr.App. 2001) (applicant's status at the
time of filing the writ controls).
2. However, our review of AD-04.83 indicates that it is ambiguous on whether it applies to
someone like applicant. For example, AD-04.83 does not clearly express a policy that someone like
applicant is not considered an "inmate" for purposes of § 501.0081. And, its express definition of
"offender" literally includes such a person. "Offender" is defined in AD-04.83 as:


 "Offender" is a person who was convicted of an offense and sentenced to the TDCJ
whether incarcerated pursuant to a warrant of arrest, parole violator warrant, or
proclamation of revocation and warrant of arrest.