IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1597-05, PD-1598-05, PD-1599-05





TERRY RHODES, Appellant



v.



THE STATE OF TEXAS
 




ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


WALKER COUNTY





 Price, J., filed a dissenting opinion.


DISSENTING OPINION



 I respectfully dissent to the Court disposing of this case on the basis of an issue that
was never decided by the court of appeals. For a long time we have said that, in our capacity
as a discretionary review court, we review only "decisions" of the courts of appeals. (1) We have
not always been able to agree on what constitutes a "decision" of the court of appeals. (2) But we
have been fairly consistent in the requirement that the court of appeals must reach a "decision"
with respect to an issue before we will review it on the merits. (3) There are some indications
in the case law that we may even lack jurisdiction to do otherwise. (4) In cases in which the direct
appeals court should have reached the merits of an issue, but did not, and the failure to reach
the merits is brought to our attention in a petition for discretionary review, we remand so that
the appellate court can reach a "decision" in the first instance. But we do not address the
merits ourselves unless the issue is brought back to us after remand.

 In the past several years, Presiding Judge Keller has begun to advocate an exception to
this rule, allowing the State to raise issues of error preservation for the first time in petitions
for discretionary review. In Alonzo v. State, (5) she first argued that, because issues of error
preservation are "systemic," and should be reached by a first-tier appellate court whether raised
by the parties or not, (6) the failure of the State to explicitly raise procedural default in its reply
brief on direct appeal should not prevent it from raising the issue in a petition for discretionary
review. In that event, she has argued, this Court "should either remand the case to the court of
appeals to consider the issue or [we] should consider the preservation issue on discretionary
review." (7) In Haley v. State, (8) we implicitly adopted Presiding Judge Keller's position, and even
reached the merits of the procedural default question ourselves, rather than to remand it,
though the court of appeals had never rendered a "decision" with respect to that question. (9)

 In Haley, the same case in which we implicitly adopted the Presiding Judge's position
in Alonzo, she filed another separate opinion, concurring in the result. This time she argued
that her Alonzo exception should not apply just to procedural default questions, but should also
apply to any issue that the prevailing party at trial neglected to raise in its reply brief on direct
appeal. She maintained that:

 the party that prevailed at trial should never be required to advance an argument
before the Court of Appeals as a predicate for raising that argument on
discretionary review. This conclusion is consistent with the view that I
articulated in Alonzo v. State with regard to preservation of error. I would
further conclude that the reasoning in my Alonzo opinion should apply also to
all types of arguments that could be made by a party that prevailed at trial. (10)


Quite recently, and without fanfare, the Court adopted this view as well. In Volosen v. State, (11)
the Court held that the failure of the prevailing party in the trial court to make an argument in
its reply brief in the first-tier appellate court will not prevent this Court from entertaining that
argument on the merits when raised for the first time in a petition for discretionary review. 
I dissented in Volosen, and I dissent again today.

 The evolution of this exception to the requirement that there be a "decision" of the
court of appeals for this Court to review illustrates how inconsistencies creep into our case
law. In her dissenting opinion in Alonzo, Presiding Judge Keller candidly acknowledged that
her position was at odds with this Court's opinion in Rochelle v. State, (12) the "viability" of
which she argued we should "re-examine." In her separate opinion in Haley, she did not revisit
this inconsistency. She simply argued that her position in Alonzo, which the Court adopted sub
silentio in Haley, ought to be extended. And in Volosen, that is just what the Court did, but
again without ever addressing the apparent conflict with, much less overruling, our binding
precedent in Rochelle.

 In Rochelle we held that when the State (the prevailing party in the trial court on the
facts of that case) raises an issue for the first time in a motion for rehearing, the court of
appeals is not obligated to address the issue, and if it does not, there is no "decision" with
respect to that issue for the State to raise in a petition for discretionary review. (13) That is
precisely what happened in the instant case; Rochelle is directly on point. In its reply brief on
direct appeal, the only argument that the State made in response to the appellant's point of
error on appeal was that Article 42.08(b) of the Code of Criminal Procedure did not apply to
him, since he was not in the custody of the penitentiary at the time of his escape and was
therefore not an "inmate" in contemplation of that provision. (14) The State made no other
argument, and was content to accept that Fullbright v. State, (15) upon which the appellant
principally relied, was controlling. Then, for the first time in its motion for en banc rehearing,
the State made a number of new arguments, including the argument that the appellant should
be estopped from claiming that an illegally lenient punishment, of which he has enjoyed the
benefits, is void. The court of appeals did not see fit to grant rehearing. (16) Under Rochelle,
then, which has never been overruled, there is nothing for this Court to review. (17)

 I can agree that Rochelle ought to be overruled to the extent that it applies to issues of
procedural default. Questions of error preservation are systemic, and first-tier appellate
courts are required to address them regardless of whether the parties join issue in their
appellate briefs. If a court of appeals fails to reach an obvious issue of procedural default, the
party that prevailed in the trial court ought to be able to complain about it for the first time in
a petition for discretionary review, and we ought to remand the cause for the court of appeals
to address the issue in the first instance. And indeed, I joined the majority opinion in Haley,
in which we implicitly adopted Presiding Judge Keller's exception as it applied to error-preservation issues. (18) But I do not think the rationale justifying the exception extends beyond
that context, which is the reason I dissented in Volosen. Consistent with Rochelle, we ought
to hold that any non-systemic issue that the party who prevailed at trial neglects to raise in a
reply brief and which is therefore not necessary to the court of appeals's decision, and not in
fact decided by the court of appeals, cannot be raised for the first time in a petition for
discretionary review. Because the Court continues down this path without ever re-examining
the viability of Rochelle (at least as it applies to issues other than procedural default) and
reaches out to decide a non-procedural default issue that the court of appeals in this case never
addressed, much less decided, I continue to dissent. (19)


Filed: November 7, 2007

Publish
1. E.g., Arline v. State, 721 S.W.2d 348, 353 n.9 (Tex. Crim. App. 1986); Lee v. State, 791
S.W.2d 141, 142 (Tex. Crim. App. 1990); Holland v. State, 802 S.W.2d 696, 700-01 (Tex. Crim. App.
1991); George E. Dix & Robert O. Dawson, 43A Texas Practice: Criminal Practice and
Procedure § 44.21, at 858-59 (2d ed. 2001).
2. E.g., Barfield v. State, 63 S.W.3d 446, 449 n.6 (Tex. Crim. App. 2001). 
3. If the court of appeals failed to render a decision on an issue properly brought before it, we will
sometimes grant discretionary review to determine whether the court of appeals erred in failing to decide
the issue. But when we find error on the part of the court of appeals in these instances, we remand to the
court of appeals rather than reach the merits ourselves. E.g., Lee v. State, supra; Dix & Dawson, supra,
§ 44.23, at 862-63.
4. E.g., Owens v. State, 827 S.W.2d 911, 917-18 n.7 (Tex. Crim. App. 1992); Dix & Dawson,
supra, § 44.21, at 859. See also State v. Consaul, 982 S.W.2d 899, 902 (Tex. Crim. App. 1998)
(Price, J., concurring) ("This court's jurisdiction is limited to review of decisions by the courts of appeals.").
5. 158 S.W.3d 515 (Tex. Crim. App. 2005) (Keller, P.J., dissenting).
6. Archie v. State, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007); Jones v. State, 942 S.W.2d
1, 2 n.1 (Tex. Crim. App. 1997).
7. Alonzo v. State, supra, at 518 (Keller, P.J., dissenting).
8. Id. at 519.
9. Haley v. State, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).
10. Id. at 519 (Keller, P.J., concurring).
11. 227 S.W.3d 77, 80 (Tex. Crim. App. 2007).
12. 791 S.W.2d 121 (Tex. Crim. App. 1990).
13. Id. at 124-25; See also Sotelo v. State, 913 S.W.2d 507, 509 (Tex. Crim. App. 1995).
14. Tex. Code Crim. Proc. art. 42.08(b).
15. 818 S.W.2d 808 (Tex. Crim. App. 1991).
16. Rhodes v. State, 175 S.W.3d 348, 355 (Tex. App.--Houston [1st] 2004).
17. Two justices dissented to the denial of the en banc rehearing. Id. at 356-59. Those justices did
not address the State's estoppel argument. Instead they addressed another issue altogether, viz., whether
Fullbright should control the question whether an order that illegally fails to cumulate sentences renders
the sentence "void." The dissenters believed that it should not, and that, absent a void sentence, the prior
conviction was available to enhance the appellant's instant punishment. Even if it could somehow be said
that, because two justices filed a written dissent, the court of appeals "decided" this question when it denied
rehearing, the issue thus "decided" is still not the same as the one the majority decides today.
18. In retrospect, however, I think we should have remanded the cause in Haley to the court of
appeals to address the issue of error preservation in the first instance, rather than deciding it ourselves for
the first time on discretionary review. See note 3, ante.
19. If in fact Rochelle has been de facto overruled in its entirety, and Volosen now controls, such that
the party that prevails in the trial court but loses on appeal can now bring any issue it wants in a petition for
discretionary review, regardless of whether the court of appeals was called upon to decide that issue on
appeal, I can only presume that in practice the Court will apply that holding even-handedly to both the State
and criminal defendants.