

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,959-02

**EX PARTE JOHN FLETCHER SEAY, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W91-70118-V(B) IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of burglary of a habitation and sentenced to 25 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he has been denied flat time credit in connection with four parole revocations. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Russell,* 60 S.W.3d 875, 877 (Tex. Crim. App. 2001). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of

relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented. The response shall then state:

(1) Applicant's sentence-begin date,
(2) the dates of Applicant's releases to parole and the dates parole revocation warrants were issued and executed,
(3) the dates Applicant was confined on parole violator warrants,
(4) whether Applicant received flat time credit, and how much time he received, pursuant to his periods of confinement on parole violator warrants, and
(5) the maximum discharge date of Applicant's sentence.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by § 501.0081(b) of the Government Code, or he was not required to exhaust administrative remedies because he met an exception under § 501.0081(C) or was not an inmate when he filed his application. *See Russell,* 60 S.W.3d at 877. The trial court shall then determine whether Applicant has received the proper credit for his flat time. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 19, 2020
Do not publish